**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARCUS VINICIUS DE OLIVEIRA,<br>Petitioner,<br>v.<br>ANTONE MONIZ, et al,<br>Respondents. | Civil Action No. 1:26-cv-12133-FDS |

**RESPONDENTS' RESPONSE TO PETITIONER'S HABEAS PETITION**

Petitioner filed a Petition for a Writ of Habeas Corpus challenging his immigration detention and seeking immediate release or a bond hearing. *See generally* Doc. 1. Respondents submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*, No. 25-CV-12455-FDS, 2025 WL 2841844, at *5 (D. Mass. Oct. 7, 2025). Should the Court follow its reasoning in *De Andrade*, it would reach the same result here. Accordingly, Respondents submit that the Court may resolve this Petition without further briefing or oral argument.[1]

If the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226, Respondents submit that the appropriate relief is a bond hearing, not outright release, so that an immigration

[1] Respondents reserve all rights to appeal and incorporate by reference the legal arguments they presented in *De Andrade*. *See generally* Doc. Nos. 8 & 11 in *De Andrade* (25-cv-12455-FDS). Respondents will provide further briefing on any issue that Respondents did not address in *De Andrade* if the Court would like Respondents to do so. Respondents would also note there is currently a Circuit split on this issue, the Fifth and Eighth Circuits have concluded that § 1225(b)(2) may be a basis for detention under these circumstances, s*ee*, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Avila v. Bondi*, --- F.4th ----, 2026 WL 819258 (8th Cir. 2026); while the Second Circuit has held that it is not. *See Cunha v. Freden*, --- F.4th --- 2026 WL 1146044 (2d Cir. April 28, 2026).

judge can properly determine in the first instance whether Petitioner is a flight risk or a danger to the community as ICE has statutory authority under 8 U.S.C. § 1226(a) to detain during the course of removal proceedings and the Supreme Court has repeatedly "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: May 16, 2026

By: /s/ Ben Tolkoff
BENJAMIN TOLKOFF
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3183
Email: benjamin.tolkoff@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served by means of the Court's Electronic Case Filing system.

Dated: May 16, 2026

By: /s/ Ben Tolkoff
BENJAMIN TOLKOFF
Assistant United States Attorney