**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **MARCUS VINICIUS DE OLIVEIRA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **26-cv-12133-FDS** |
| ) | |
| **DAVID WESLING, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

**MEMORANDUM AND ORDER ON PETITION**
**FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings.[1]  Petitioner Marcus Vinicius De Oliveira is a citizen of Brazil who unlawfully entered the United States.

On May 11, 2026, he was taken into ICE custody.  Petitioner contends that his continued detention without a bond hearing violates his Fifth Amendment right to due process and the

---

[1] The petition names David Wesling, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations; Antone Moniz, Superintendent, Plymouth County Correctional Facility; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, U.S. Secretary of Homeland Security; the U.S. Department of Homeland Security; and Todd Blanche, Acting U.S. Attorney General, as respondents.

The Court notes that Wesling and Moniz, as "the person[s] who ha[ve] custody over [the petitioner]," are the only possible proper respondents.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  The Court will therefore dismiss the claims against the other respondents.

Immigration and Nationality Act.  In addition to declaratory relief, he seeks immediate release or, in the alternative, an individualized bond hearing.

I.      **Background**

Petitioner Marcus Vinicius De Oliveira is a citizen of Brazil who unlawfully entered the United States.  (Dkt. No. 1 ¶¶ 1-2).  On May 11, 2026, ICE arrested and detained him at the Milford District Court in Milford, Massachusetts.  (*Id.* ¶ 18).

The same day he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1).  The petition contends that his detention without a bond hearing violates his Fifth Amendment right to due process and the Immigration and Nationality Act.

Later that day, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4).  Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief.  (*Id.*).

On May 16, 2026, respondents answered the petition.  (Dkt. No. 6).  They concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*," and "[s]hould the Court follow its reasoning in *De Andrade*, it would reach the same result here."  (*Id.* at 1).

II.     **Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by over 160 different judges), noncitizens who unlawfully entered

2

the United States but have resided in the country for some time are ordinarily subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b).  *See Cunha v. Freden*, 2026 WL 1146044 (2d Cir. April 28, 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof.  *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention").  His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241(c)(3).  The Court will therefore grant his petition.

**IV.     Conclusion and Order**

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a bond hearing no later than May 29, 2026.  The claims against respondents Todd Lyons, Markwayne Mullin, the U.S. Department of Homeland Security, and Todd Blanche are DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  May 21, 2026                          United States District Court Judge

4